UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRIDGE JOHNSON,<br>Plaintiff,<br>v.<br>UNITED AIRLINES, INC., et al.,<br>Defendants.<br><br>AND COORDINATED CASES:<br><br>Miller, Leon v. United Airlines, Inc. et al. 3:15-cv-00457 VC<br><br>Palmer, Xavier v. United Airlines, Inc. et al. 3:15-cv-00458 VC<br><br>Noble, Paul C. v. United Airlines, Inc. et al. 3:15-cv-00461 VC<br><br>Jones Jr., Johnnie E. v. United Airlines, Inc. et al. 3:15-cv-00462 VC<br><br>Roane, Glen v. United Airlines, Inc. et al. 3:15-cv-00464 VC<br><br>Ricketts, David v. United Airlines, Inc. et al. 3:15-cv-00465 VC<br><br>Crocker, Sal v. United Airlines, Inc. et al. 3:15-cv-00468 VC<br><br>Manswell, Anthony v. United Airlines, Inc. et al. 3:15-cv-00469 VC<br><br>Washington, Erwin v. United Airlines, Inc. et al. 4:15-cv-00471 VC | Case No. 12-cv-02730-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTIONS FOR ATTORNEY'S FEES AND COSTS AND SANCTIONS**<br><br>Re: Dkt. No. 293, 320 |

Wilson, Darryl v. United Airlines, Inc. et al.
3:15-cv-00472 VC

Sherman, Leo v. United Airlines, Inc. et al.
3:15-cv-00473 VC

John, Richard v. United Airlines, Inc. et al.
3:15-cv-00475 VC

Briscoe, Odie v. United Airlines, Inc. et al.
3:15-cv-00476 VC

The plaintiffs in the fourteen above-listed coordinated cases are all African-American pilots employed by United Airlines. In their Seventh Amended Complaints, several of the plaintiffs (the "settlement plaintiffs")[1] contend, among other things, that the defendants (collectively, "United") retaliated against them for making prior complaints to the Equal Employment Opportunity Commission, in violation of 42 U.S.C. § 1981. The other plaintiffs (the "non-settlement plaintiffs")[2] allege that United retaliated against them for associating with their colleagues who made prior EEOC complaints, in violation of section 1981, Title VII of the Civil Rights Act, the California Fair Employment and Housing Act ("FEHA"). Each plaintiff also contends that United retaliated against him for participating in this civil rights lawsuit, in violation of section 1981, Title VII, and FEHA, both by denying him promotions since the inception of the litigation in 2012 and by sending certain plaintiffs an allegedly retaliatory letter in August 2015 in the course of this litigation. The settlement plaintiffs also allege that United retaliated against them for obtaining a prior settlement from United in 2011, in breach of that

---

[1] *Johnson v. United Airlines, Inc. et al.*, No. 12-cv-02730-VC; *Noble v. United Airlines, Inc. et al.*, No. 15-cv-00461-VC; *Jones v. United Airlines, Inc. et al.*, No. 15-cv-00462-VC; *Roane v. United Airlines, Inc. et al.*, No. 15-cv-00464-VC; *Crocker v. United Airlines, Inc. et al.*, No. 15-cv-00468-VC; *Wilson v. United Airlines, Inc. et al.*, No. 15-cv-00472-VC; and *John v. United Airlines, Inc. et al.*, No. 15-cv-00475-VC.
[2] *Miller v. United Airlines, Inc. et al.*, No. 15-cv-00457-VC; *Palmer v. United Airlines, Inc. et al.*, No. 15-cv-00458-VC; *Ricketts v. United Airlines, Inc. et al.*, No. 15-cv-00465-VC; *Manswell v. United Airlines, Inc. et al.*, No. 15-cv-00469-VC; *Washington v. United Airlines, Inc. et al.*, No. 15-cv-00471-VC*; Sherman v. United Airlines, Inc. et al.*, No. 15-cv-00473-VC; and *Briscoe v. United Airlines, Inc. et al.*, No. 15-cv-00476-VC.

settlement agreement.

United moved to dismiss all of the above-listed plaintiffs' retaliation claims from their 7ACs, and in the alternative, to strike the plaintiffs' FEHA retaliation claims, to the extent they are based on the August 2015 letter, under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 426.16.  In its motions to dismiss the retaliation claims from the settlement plaintiffs' 7ACs, United noted first that Judge Chesney had previously dismissed these plaintiffs' retaliation claims with prejudice in December 2013, to the extent those claims were premised on the theory that United retaliated against the plaintiffs in response to EEOC charges they filed in 2010, and therefore argued the claims should be dismissed again, regardless that the plaintiffs were now attempting to assert them under section 1981 and had previously asserted them only under Title VII and FEHA.  United further argued that Judge Chesney's December 2013 ruling similarly foreclosed the settlement plaintiffs' breach of contract claims because those claims were premised on the same conduct and same theory of retaliation.  United also argued, as to all fourteen of these plaintiffs, that to the extent their retaliation claims were based on the August 2015 letter, those claims were barred by the First Amendment and the *Noerr-Pennington* doctrine, as well as California's litigation privilege, Cal. Civ. Code § 47(b).  United also argued that the Court lacked jurisdiction over the plaintiffs' Title VII and FEHA retaliation claims because those claims were not properly exhausted.  In the alternative, United argued that the plaintiffs' FEHA retaliation claims must be stricken under California's anti-SLAPP statute, to the extent the FEHA claims were based on the August 2015 letter.

At the hearing on United's motions to dismiss and/or strike, the Court indicated it would grant United's motions to dismiss the retaliation claims to the extent they were based on the prior EEOC complaints and to the extent they were based on the August 2015 letter, and suggested that United's anti-SLAPP motion might therefore be moot, since United described its anti-SLAPP motion as having been brought in the alternative.  United requested the opportunity to brief the question whether it was nevertheless entitled to attorney's fees and costs under section 426.16(c), which the Court permitted it to do.  In its subsequent motions for attorney's fees and

costs, United argued that it is entitled to attorney's fees under both the anti-SLAPP statute and section 1981, Title VII, and FEHA, and also moved for sanctions under Rule 11.

For the reasons below, the motions to dismiss are granted to the extent the plaintiffs' retaliation claims are based on the August 2015 letter, and to the extent the plaintiffs' retaliation claims are based on either their own or their colleagues' prior EEOC activity. The motions to dismiss are denied as to the plaintiffs' claims that United has retaliated against them for participating in this lawsuit by denying them promotional opportunities, and as to the settlement plaintiffs' breach of contract claim. United's motion for attorney's fees and costs and for sanctions is granted in part and denied in part.

I.

As United notes, in December 2013, Judge Chesney concluded that the settlement plaintiffs had failed sufficiently to allege in their Third Amended Complaint that United decision makers had retaliated against the plaintiffs for their prior EEOC activity, and therefore dismissed the settlement plaintiffs' retaliation claims without further leave to amend. *Johnson v. United Airlines, Inc. et al.*, No. 12-cv-02730-VC, Dkt. No. 89, at 8-9. As the Court indicated at the hearing on the motions to dismiss and anti-SLAPP motions to strike, in light of the unique procedural posture of these cases, the Court will decline to reconsider Judge Chesney's ruling. *See, e.g.*, *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

That the settlement plaintiffs' newly asserted section 1981 retaliation claims, to the extent those claims are based on the theory that United retaliated against the plaintiffs for filing prior EEOC complaints, are foreclosed by Judge Chesney's December 2013 order. It is irrelevant that the plaintiffs have attempted to reassert these claims under a different statute, i.e. section 1981, that was not previously at issue for the technical reason that the settlement plaintiffs only brought retaliation claims under Title VII and FEHA in the 3AC; the standard for establishing a prima facie case of retaliation is the same under Title VII and section 1981. *See, e.g.*, *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (citing *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007)); *see also id.* at 1105. The plaintiffs therefore cannot now bring section

4

1981 claims based on the same conduct that Judge Chesney previously ruled was insufficient to support a claim under Title VII. The settlement plaintiffs' section 1981 retaliation claims are accordingly dismissed with prejudice to the extent they are premised on their prior EEOC activity.

## II.

United also argues that the settlement plaintiffs' breach of contract claims are barred by Judge Chesney's December 2013 ruling. The 2011 settlement agreement contains a non-retaliation provision, under which "United agree[d] that it w[ould] not retaliate against any of the Claimants for having raised any of the Allegations" that were the basis of the agreement. Whether United breached the agreement's non-retaliation provision as to any particular plaintiff is a question of Illinois law under the contract's choice of law provision, and that question is not necessarily coextensive with the Title VII analysis. Retaliation that constitutes a breach of the settlement agreement could be accomplished by means that would not constitute actionable retaliation under Title VII, because the contract does not define "retaliation" nor obviously limit it to adverse employment actions. Thus, although the settlement plaintiffs' breach of contract claims are premised in part on the same conduct that Judge Chesney ruled did not state a claim for retaliation under Title VII and FEHA, the breach of contract claims are sufficiently distinct that they are not barred by Judge Chesney's December 2013 ruling. United's motions to dismiss the settlement plaintiffs' breach of contract claims are therefore denied.

## III.

The non-settlement plaintiffs did not bring retaliation claims in the 3AC. The parties are accordingly in agreement that the non-settlement plaintiffs' retaliation claims, to the extent they are based on the non-settlement plaintiffs' association with the settlement plaintiffs and those plaintiffs' prior EEOC activity, are not foreclosed by Judge Chesney's December 2013 ruling.

Nevertheless, United's motions to dismiss these claims must also be granted, because this theory of retaliation is far too attenuated and the allegations supporting it far too sparse and implausible to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The non-settlement plaintiffs assert that they were denied promotions for "being associated with the 'Dirty Dozen,'" i.e. the settlement plaintiffs, who filed prior EEOC complaints. But nowhere in their 7ACs do the non-settlement plaintiffs support this assertion with any concrete facts: they do not explain how they came to be associated with the settlement plaintiffs, or when, or by which decision makers. Because the plaintiffs have all had an extraordinary number of opportunities to amend their complaints, and because the Court has previously ruled that there would be no further opportunities to amend, the non-settlement plaintiffs' section 1981, Title VII, and FEHA retaliation claims, to the extent they are premised on the theory that they were associated with their colleagues who filed prior EEOC complaints, are dismissed with prejudice.

**IV.**

To the extent all fourteen plaintiffs claim that United retaliated against them in violation of section 1981, Title VII, and FEHA by sending the August 2015 letter to the settlement plaintiffs, those claims are clearly barred by the *Noerr-Pennington* doctrine.

"Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (citing *Empress LLC v. City & Cty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005)); *see also id.* (citing *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965)); *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1006-07 (9th Cir. 2008). "[N]ot only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected" by the doctrine. *Sosa*, 437 F.3d at 934 (quoting *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1528-29 (9th Cir. 1991)). The sole exception to the *Noerr-Pennington* doctrine is for "sham litigation," and to invoke that exception, the party seeking to impose liability must show both that the litigation in question is objectively baseless in that no reasonable litigant could expect success on the merits, and that the litigation was brought for an

6

improper purpose. *Id.* at 939; *see also Theme Promotions*, 546 F.3d at 1007.

The August 2015 letter – which was sent by counsel for United to counsel for the settlement plaintiffs and in which United's counsel argued the settlement plaintiffs had breached the settlement agreement and therefore demanded that the plaintiffs either drop all references to the settlement agreement from their Sixth Amended Complaints or return the settlement sums and pay United's attorney's fees – clearly comes within the protection of the *Noerr-Pennington* doctrine as conduct incidental to the prosecution of litigation. *See Sosa*, 437 F.3d at 934. Nor have the plaintiffs shown that the sham litigation exception applies. *See id.* at 939. Even assuming that the plaintiffs have sufficiently alleged that the August 2015 letter was objectively baseless, the plaintiffs' claims that the letter was sent for an improper, retaliatory purpose are not plausible. *See id.*; *see also Theme Promotions*, 546 F.3d at 1007.

All fourteen of the above-listed plaintiffs' retaliation claims, to the extent they are based on the August 2015 letter, are therefore dismissed with prejudice. Because the letter-based retaliation claims must be dismissed under *Noerr-Pennington*, it is not necessary to reach United's argument that the FEHA retaliation claims, to the extent they are based on the same letter, are barred by California's litigation privilege.

## V.

All fourteen plaintiffs also claim that United retaliated against them for participating in this lawsuit by withholding promotional opportunities from them in violation of section 1981, Title VII, and FEHA. These claims are not foreclosed by Judge Chesney's December 2013 ruling because they are premised on different conduct occurring at a different time, i.e. after the filing of the original complaint. And although United argues that the plaintiffs' Title VII and FEHA retaliation claims based on their participation in this lawsuit are unexhausted, these claims are "sufficiently 'like or reasonably related to'" the claims that were exhausted such that the plaintiffs did not need separately to exhaust these claims. *Sosa v. Hiraoka*, 920 F.2d 1451, 1457 (9th Cir. 1990); *see also id.* at 1456-58. United's motions to dismiss the plaintiffs' retaliation claims, to the extent they are premised on their participation in this lawsuit, are therefore denied.

## VI.

That leaves the question whether United's anti-SLAPP motion is moot, and if it is not moot, whether United is entitled to attorney's fees pursuant to Cal. Code Civ. P. § 425.16(c) (and in what amount).

Because "a defendant who prevails in an anti-SLAPP motion is entitled to attorney's fees," even though the Court has resolved United's alternative motion to dismiss, it appears United's anti-SLAPP motion is not moot. *White v. Lieberman*, 126 Cal. Rptr. 2d 608, 614 (Ct. App. 2002). And the plaintiffs' FEHA retaliation claims, to the extent those claims are based on the August 2015 letter, must be stricken under the anti-SLAPP statute for largely the same reasons that the retaliation claims are barred by the *Noerr-Pennington* doctrine. The anti-SLAPP statute provides that a claim brought under California law that seeks to chill (among other things) a defendant's "conduct in furtherance of the exercise of the constitutional right of petition" is subject to a special motion to strike. *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010) (quoting Cal. Civ. Proc. Code § 425.16(e)(4)). If the defendant shows that its conduct was in furtherance of its constitutional right to petition the government for redress of grievances, the plaintiff must demonstrate a probability of prevailing on the claim; if the plaintiff does not, the court must grant the motion to strike. *Id.*; *see also id.* at 908-09. Here, the August 2015 letter is clearly conduct in furtherance of United's constitutional right of petition, which satisfies the first step of the anti-SLAPP inquiry. And the plaintiffs have not demonstrated a probability of prevailing on their FEHA retaliation claims to the extent they are based on the August 2015 letter, since, as previously explained, those claims are barred by *Noerr-Pennington*. United's anti-SLAPP motions are therefore granted. Because an award of attorney's fees and costs is mandated by the anti-SLAPP statute, the Court declines to address United's alternative arguments that it is entitled to fees and costs under section 1981, Title VII, and FEHA.

As for United's motion for attorney's fees and costs, the anti-SLAPP statute mandates an award of fees and costs for a successful motion to strike. *See* Cal. Code Civ. P. § 425.16(c)(1). And to the extent United's motions to strike and motions to dismiss were based on the same

conduct (the August 2015 letter) and overlapping legal theories, United is entitled to fees and costs for the portions of its motions to dismiss that discuss the *Noerr-Pennington* doctrine and California's litigation privilege, which were "inextricably intertwined" with the anti-SLAPP motions.  *See, e.g.*, *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008).  However, because "mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined," United is not entitled to fees and costs for the portions of its motions to dismiss that were not devoted to either the *Noerr-Pennington* doctrine or California's litigation privilege.  *Id.*; *see also Braden v. BH Fin. Servs., Inc.*, No. 13-cv-02287-CRB, 2014 WL 892897, at *5-6 (N.D. Cal. Mar. 4, 2014).

United seeks an award of at least $157,047.48 in attorneys' fees and costs.  The Court finds that the requested amount is not reasonable and therefore will reduce the award of fees by 50% based on the fact that United wasted considerable judicial and attorney resources by failing properly to argue its entitlement to fees and costs in its original motion and reply, which necessitated further briefing.  *See, e.g.*, *Braden*, 2014 WL 892897, at *4 (citing *Metabolife Intern., Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002)).  However, United's fee request is otherwise reasonable.  United will therefore be awarded $78,523.74 in attorney's fees and costs.

Finally, United's motion for sanctions for the plaintiffs' inclusion of retaliation claims based on the August 2015 letter in the 7ACs is denied.  Although United's motions to dismiss and/or strike were meritorious, these retaliation claims were not frivolous within the meaning of Rule 11.  *See, e.g.*, *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

**IT IS SO ORDERED.**

Dated: July 6, 2016

_____
VINCE CHHABRIA
United States District Judge

9